UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------x
:
RICHARD ONTIVEROS-GIMA,      :   Civil No. 1:25-cv-5019
:
       *Plaintiff*,   :   **COMPLAINT FOR COPYRIGHT**
:   **INFRINGEMENT**
v.   :
:
STUDIO NAOMI INC.,   :
:
       *Defendant.*   :   *JURY TRIAL DEMANDED*
:
-----------------------------------------x

    Plaintiff Richard Ontiveros-Gima, for his complaint against defendant Studio Naomi Inc., alleges as follows:

    1.    This is an action for copyright infringement involving defendant's unauthorized reproduction and display of plaintiff's copyrighted photographic work.

## JURISDICTION

    2.    This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## PARTIES

    3.    2.    Plaintiff is a freelance photographer and regularly licenses photographs to numerous top-tier outlets. Throughout his career, he has worked with an array of globally recognized and prestigious clients, including industry leaders and iconic brands. His exceptional talent in photography has been sought after by numerous athletes and A-list celebrities. These collaborations underscore Mr. Ontiveros-Gima's talent and reputation within the industry. His

1

photographs have graced magazines as well as the marketing materials and campaigns of world-renowned brands, a testament to his remarkable skill and ability to consistently deliver extraordinary visual content.

4.  Ontiveros-Gima and his agents conduct business as a syndicator of photos and features of popular content including magazines like defendant. The business model is predicated on licensing the use of works to many different licensees, each of which pays a fee to publish.

5.  Ontiveros-Gima is a resident of Brooklyn, New York.

6.  On information and belief, defendant Studio Naomi Inc. is a corporation organized under the laws of the State of New York with a principal place of business in New York, New York.

7.  Studio Naomi is a nail studio. On information and belief, Naomi Yasuda owns, operates, and is employed by Studio Naomi.

8.  On information and belief, Ms. Yasuda owns, operates, or controls the Instagram account @naominailsnyc, or is otherwise responsible for the content posted to that account.

9.  On information and belief, Ms. Yasuda uses the @naominailsnyc account to promote her work and her studio, Studio Naomi.

10. The Court has personal jurisdiction over Studio Naomi because it is organized under the laws of New York and has a principal place of business in this state and judicial district, such that it can be said to be "at home" in New York and in this judicial district.

11. Venue is this judicial district is proper under 28 U.S.C. § 1400(a).

## BACKGROUND FACTS

12. Plaintiff is the owner and copyright holder of a photographic image (the "Image") depicting musical artist and actress Lilly Allen at a film festival, wearing nails . Within 90 days of first publication, the Image was registered with the U.S. Copyright Office as Registration No. VA 2-317-526 (eff. Aug. 18, 2022).

13. Plaintiff never licensed the Image to defendant. Nevertheless, defendant used the Images without authorization or permission to do so, and without paying a license fee.

14. Specifically, on or about June 14, 2022, Ms. Yasuda copied the Image from Internet sources—on information and belief including legitimate licensees of plaintiff—stored the Image on her own servers or computers, and displayed the Image on the social media account @naominailsnyc.

15. The Image is creative, distinctive, and—as evidenced by defendant's use of it—valuable. Because of the Image's quality, visual appeal, and celebrity subject matter, plaintiff stood to gain revenue from licensing it. Defendant's unauthorized use of the Image harmed the market for it.

16. In addition, defendant's unauthorized use of the Image is commercial in nature. Defendant uses her personal Instagram feed for the purposes of promotion—specifically, to promote her artistic nail work, to create brand awareness of her nail studio business, and to attract buyers of her and her studio's services. In fact, defendant's Instagram posts was expressly commercial because the accompanying text highlighted defendant's services that were provided to the subject of the Image.

17. On information and belief, defendant posted the Images on Instagram to attract buyers for her and her studio's services. On information and belief, defendant knew that because the Images depicted popular celebrities, users would be attracted to view the Images and thus more likely to purchase such services. In short, defendant used the Image for advertising.

18. As an artistic enterprise, defendant operates in an industry in which copyrights are prevalent and well-understood. Based on that knowledge, defendant was aware of the importance of copyright protection and knew that it needed to have but did not have permission to use the Image, and/or it acted recklessly by posting the Image without determining whether it the right to do so.

## CLAIM ONE

### Vicarious Copyright Infringement

19. All prior paragraphs are incorporated into this claim.

20. Plaintiff is the author and copyright owner of the protected Image named above in this Complaint.

21. Defendant is secondarily liable for the infringement directly committed by its employee Ms. Yasuda (the "Direct Infringer").

22. Defendant had, or should have had, knowledge of the infringement of the Direct Infringer because the knowledge of Ms. Yasuda, as agent operating on behalf of defendant, can be imputed to defendant. Further, defendant had the right and ability to supervise the infringing activity of the Direct Infringer because Ms. Yasuda is an employee of defendant.

23. Defendant obtained some financial benefit from the infringement of plaintiff's rights in the Image because it was a draw for viewers to the social media account, regardless of

the revenue received from any specific use, and because the social media accounts were for the purpose of marketing defendant's services. Accordingly, defendant had an incentive to permit and even encourage infringement by the Direct Infringer.

24. The foregoing acts of defendant infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to copy, display, and reproduce their works to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

25. Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

26. Plaintiff suffered damages from defendant's unauthorized use of the Image.

27. Having timely registered his copyright in the Images, plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

28. On information and belief, defendant's actions were intentional or in reckless disregard of plaintiff's copyrights, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

29. In the alternative, plaintiff is entitled to recovery of its actual damages and defendant's profits attributable to the infringement of the Images, under 17 U.S.C. § 504(b).

30. Within the time permitted by law, plaintiff will make its election between actual damages and profit disgorgement, or statutory damages.

31.     Plaintiff is also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment against defendant as follows:

A.      For a preliminary and permanent injunction against defendant and anyone working in concert with it from further copying or displaying the Image;

B.      For an order requiring defendant to account to plaintiff for its profits and any damages sustained by plaintiff arising from the acts of infringement;

C.      As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Images used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by defendant without plaintiff's authorization—as well as all related records and documents;

D.      For actual damages and all profits derived from the unauthorized use of the Images or, where applicable and at plaintiff's election, statutory damages;

E.      For an award of pre-judgment interest as allowed by law;

F.      For reasonable attorney fees;

G.      For court costs, expert witness fees, and all other costs authorized under law;

H.      For such other and further relief as the Court deems just and proper.

///

///

## JURY DEMAND

Plaintiff demands trial by jury of all issues permitted by law.

Dated: June 13, 2025                    PERKOWSKI LEGAL, PC

By: ___/s/ Peter Perkowski___
      Peter E. Perkowski (NY Bar #5934765)
515 S. Flower Street, Suite 1800
Los Angeles, CA 90071
Tel: (213) 340-5796
peter@perkowskilegal.com

*Counsel for Plaintiff Richard Ontiveros-Gima*